UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMELIA PATTON, as guardian of
DEANGELO PATTON,

    Plaintiff,

v.

TITAN INSURANCE COMPANY and
NATIONWIDE MUTUAL INSURANCE
COMPANY,

    Defendants.
_____/

Case No. 12-14751

HONORABLE DENISE PAGE HOOD

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**I.     BACKGROUND**

On October 26, 2012, Plaintiff Armelia Patton, as Guardian of DeAngelo Patton, filed the instant suit against Defendants Titan Insurance Company and Nationwide Mutual Insurance Company alleging:  Violation of the Michigan No Fault Automobile Insurance Act, M.C.L. § 500.3101 *et seq.* (Count I); Breach of Contract (Count II); and, Bad Faith Breach of Contract (Count III).  Nationwide is the parent company of Titan, is responsible for the action of Titan, directs the claim handling practices of Titan and conducts audits of Titan claim files.  (Comp., ¶¶ 7-8)

D. Patton was involved in an automobile-pedestrian collision in the City of Flint, Genessee County, State of Michigan on May 25, 2000.  (Comp., ¶ 9)  D. Patton suffered injuries, including a traumatic brain injury with subdural hematomas and residual cognitive and emotional deficits.  (Comp., ¶ 10)  Claims were submitted to Defendants:  Titan Claim Numbers 21-A00292, 21-A00292-59 and 21-A00292-76 and Nationwide Claim Number 21-A00292-61.  (Comp., ¶ 6)

This is the third lawsuit filed by D. Patton related to the accident. (Comp., ¶ 11) The first lawsuit was filed on May 24, 2001 in the Oakland County Circuit Court, resulting in a judgment in favor of D. Patton against Titan to pay no fault insurance benefits for family provided attendant care/supervisory care/ nursing care/case management services from May 25, 2000 to August 12, 2002. (Comp., ¶¶ 11-12) A second lawsuit was filed on July 18, 2005 in the Oakland County Circuit Court resulting in an Order Approving Settlement between A. Patton, as next friend of D. Patton, and Titan for attendant care benefits through February 28, 2009. (Comp., ¶¶ 11-12; Ex. 1 to Comp.) On May 21, 2010, A. Patton and Titan entered into a Release for Payment of No-Fault Benefits for attendant care benefits through January 31, 2012. (Comp., ¶ 19; Ex. 2 to Comp.) Titan stopped paying any attendant care benefits on November 30, 2011. (Comp., ¶ 20) D. Patton's condition has not materially and substantially changed from November 30, 2011 through the time the Complaint was filed. (Comp., ¶ 22)

This matter is before the Court on a Motion to Dismiss seeking dismissal of Nationwide only. A response has been filed. No reply to the response was filed.

**III.   ANALYSIS**

    **A.   Motion to Dismiss Standard of Review**

The one sentence brief filed by Defendants cite MCR 2.116(c)(8) in support of their Motion to Dismiss. However, the Federal Rules of Civil Procedure applies in this federal lawsuit. The Court assumes the Motion to Dismiss filed by Defendants is asserted under Rule 12(b)(6) for failure to state a claim upon which relief may be granted since there are no exhibits attached to the motion.

Rule 8(a)(2) provides a pleading states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule

12(b)(6) allows a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show

3

[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

### B.     Nationwide

Defendants argue that the Complaint's allegation that Nationwide is the parent company of Titan "is not true." (Motion, ¶ 4) However, at oral argument, defense counsel admitted Nationwide is the parent company of Titan.

Defendants assert that under the Michigan No-Fault Statute, Nationwide is not a member of the Michigan Automobile Insurance Placement Facility ("MAIPF"), but that Titan is the assignee and is responsible for administering D. Patton's claims under M.C.L. § 500.3172. Defendants argue that Nationwide is not a proper party and the Complaint fails to state a claim against it.

In response, A. Patton asserts that it has sufficiently alleged in the Complaint that Nationwide is the parent corporation of Titan and that Defendants have not submitted any documents to the contrary. A. Patton also asserts that in other cases, Titan admits that Nationwide is its parent company, submitting exhibits supporting her argument. The exhibits include: documents from two State of Michigan cases, *Minor/Hardeman/Curry v. Titan,* Case No. 2012-127514-NF, Oakland County Circuit Court and *Couch v. Titan,* Case No. 08-089692-NF, Oakland County Circuit Court; and, documents from Michigan's Department of Licensing and Regulatory Affairs indicating that both Nationwide and Titan share the same address. (Doc. No. 10, Exs. 1-3) These documents show that Nationwide is the parent corporation of Titan, which defense counsel so admitted at oral argument.

As to Defendants' argument that Nationwide is not a proper defendant since it is not an assigned insurance company and not a member of MAIPF under M.C.L. § 500.3171, 3172 and 3175, the Court finds that Defendants did not properly support such an argument. Nothing in these statutes identifies the members of MAIPF. Defendants did not submit any documentation to support the argument that only Titan and not Nationwide, is a member of MAIPF. Defendants also did not submit any evidence that this action is brought under M.C.L. § 500.3172 since the Complaint does not so allege. It may be that discovery may establish that Nationwide is not a member of the MAIPF or that this action is a claim under M.C.L. § 500.3712. However, discovery has not taken place in this action and Defendants have not submitted any evidence to show that Nationwide is not a member of the MAIPF or that Nationwide's actions have no effect on how Titan processes the claims.

When deciding a Motion to Dismiss based on whether the Complaint has stated a claim upon which relief may be granted under Rule 12(b)(6), the Court only looks to the allegations set forth in the Complaint. The Complaint alleges that Nationwide is the parent corporation of Titan, is responsible for the actions of Titan, directs the claim handling practices of Titan and conducts audits of Titan claim files. (Comp., ¶¶ 7-8) Defendants have not submitted any evidence to the contrary and have not moved for summary judgment under Rule 56(a) on this issue. The Complaint sufficiently states a claim against Nationwide since it is alleged Nationwide is responsible for the actions of Titan, Nationwide directs how claims are handled by Titan, and Nationwide conducts audits of the claims filed with Titan.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss **(Doc. No. 8)** is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 13, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 13, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager